UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


John Sweeney

    v.                                        Civil No. 12-cv-137-JL

Richard Gerry, Warden,
New Hampshire State Prison for Men


**REPORT AND RECOMMENDATION**

    Before the court is John Sweeney's petition for a writ of habeas corpus (doc. no. 1) and addendum thereto (doc. no. 3),[1] filed pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his 2006 conviction and sentence. The matter is before the court for preliminary review to determine whether the petition is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") (requiring court to dismiss habeas petition where petition facially demonstrates that there is no entitlement to relief).

---

[1] Petitioner has filed a petition (doc. no. 1) and an addendum (doc. no. 3). The documents will be considered jointly as the petition in this matter for all purposes.

**Discussion**

I. <u>Background and Procedural History</u>

Sweeney was initially indicted on felony sexual assault charges in 2002. Sweeney was convicted after a jury trial, but his conviction was overturned because the trial court failed to conduct a sufficient colloquy when Sweeney asked the court, prior to trial, whether he could fire his attorney. <u>See</u> <u>State v. Sweeney</u>, 151 N.H. 666, 672, 867 A.2d 441, 448 (2005). The New Hampshire Supreme Court ("NHSC"), in reversing Sweeney's conviction and remanding the matter to the superior court, explicitly found that the evidence presented at trial was sufficient to support Sweeney's conviction. <u>Id.</u> at 674; 449-450.

In April 2006, at a pretrial hearing concerning Sweeney's retrial on the sexual assault charges, the prosecutor and Sweeney's attorney agreed to submit the case to the trial court for a "bench trial," in which the only evidence presented would be the record of the first trial. The court conducted a colloquy of Sweeney concerning the waiver of his right to a jury trial. Apparently satisfied that Sweeney's assent to the "bench trial" proceeding proposed was knowing and voluntary, the court found Sweeney guilty upon consideration of the record of the first trial.

Sweeney was sentenced to prison on October 16, 2006.  In his petition before this court, Sweeney asserts that the record of the sentencing hearing provides a basis to question whether Sweeney's assent to the "bench trial" proceeding was knowing and voluntary.  The petition before the court contains no indication that Sweeney took a direct appeal of his 2006 conviction or sentence.

On August 27, 2010, almost four years after his sentence was imposed, Sweeney filed a petition for a habeas petition in the state superior court claiming that his assent to the "bench trial" was not knowing and voluntary, and asserting that the attorney representing him in his retrial proceedings was ineffective.  The superior court denied the petition.  Sweeney filed a notice of appeal in the NHSC.  That court declined the appeal on April 7, 2011.  Sweeney next filed the instant petition, raising two claims for relief, as follows:

1. Sweeney's assent to the "bench trial" proceeding in the superior court, and concomitant waiver of his right to a jury trial, was not knowing and voluntary, and thus his conviction and sentence were obtained in violation of his Fourteenth Amendment due process rights.

2. Sweeney was denied his Sixth Amendment right to the effective assistance of trial counsel when his attorney agreed to a "bench trial" where the only evidence before the court was

the record of the first trial, and Sweeney's attorney was aware that the NHSC had ruled that the evidence presented at the first trial was sufficient to support a conviction.

## II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year limitations period for state prisoners to file federal habeas petitions.  See 28 U.S.C. § 2244(d)(1); see Gonzalez v. Thaler, 132 S. Ct. 641, 652-53 (2012); Wood v. Spencer, 487 F.3d 1, 4 (1st Cir. 2007).  AEDPA's one-year time limit begins to run when the state court judgment of conviction became final by the conclusion of direct review or by the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A); see Gonzalez, 132 S. Ct. at 653.

Certain statutory exceptions to the statute of limitations exist where an untimely filing was the result of a state-caused impediment, new constitutional rights created by the Supreme Court, or newly discovered facts underpinning the claim.  See 28 U.S.C. § 2244(d)(1)(B)-(D); Gonzalez, 132 S. Ct. at 652 n.9; Wood, 487 F.3d at 4; David v. Hall, 318 F.3d 343, 344 (1st Cir. 2003).  Further, AEDPA excludes from the one-year limitations period the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C.

§ 2244(d)(2). While the limitations period is stopped during the pendency of properly filed post-conviction state court litigation, it is not reset or restarted by post-conviction litigation initiated after the AEDPA limitations period has expired. See Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005) (post-conviction state court litigation filed after AEDPA's limitations expire does not stop or reset clock).

If, as it appears, Sweeney did not take a direct appeal of his 2006 conviction, that conviction became final on November 15, 2006, thirty days after his October 16, 2006, sentencing, when the deadline for filing a direct appeal of his conviction expired. Accordingly, the one-year period during which Sweeney could have timely filed a federal habeas petition expired on or about November 15, 2007, almost three years before he filed a state habeas action challenging his conviction and resulting incarceration. As explained above, those proceedings do not restart the expired limitations period.

The record presently before the court includes no facts indicating that any statutory exception to the limitations period is present in this case. See § 2244(d)(1)(B)-(D). Further, Sweeney does not appear to have engaged in any post-conviction litigation between his 2006 conviction and the filing of his 2010 state habeas petition. Moreover, the petition contains no facts indicating that there exists any basis to

5

equitably toll the one-year statutory limitations period set forth in § 2244(d)(1). Accordingly, the petition (doc. nos. 1 and 3) should be dismissed as untimely.

## Conclusion

For the foregoing reasons, the court recommends that the petition (doc. nos. 1 and 3) be dismissed. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya B. McCafferty
United States Magistrate Judge

Date: July 18, 2012

cc: Mark Sisti, Esq.

LBM:jba